## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AES CORPORATION
4300 Wilson Boulevard,
Arlington, Virginia 22203
United States of America

                  Petitioner,

    v.

ARGENTINE REPUBLIC
Procuración del Tesoro de la Nación
Posadas 1641 – CP1112
Buenos Aires
Argentine Republic

                  Respondent.

Civil Action No. 1:25-cv-02540

## PETITION TO RECOGNIZE AND
## ENFORCE AN ICSID ARBITRATION AWARD

**CHAFFETZ LINDSEY LLP**
1700 Broadway, 33rd Floor
New York, NY 10019
Telephone: (212) 257-6960
Facsimile: (212) 257-6950
*Attorneys for Petitioner*

**FRESHFIELDS US LLP**
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
*Attorneys for Petitioner*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

THE PARTIES .................................................................................................................... 1

THE DISPUTE AND THE AWARD ................................................................................. 2

LEGAL BASIS FOR RELIEF .......................................................................................... 6

    I.   This Court Has Jurisdiction to Recognize and Enforce the Award Because Argentina Does Not Benefit from Sovereign Immunity.................................................................... 6

    II.  The Court Should Not Entertain Any Substantive Challenges to the Award. ........................ 8

    III. The Award Must Be Given Full Faith and Credit Pursuant to 22 U.S.C. § 1650a............... 9

PRAYER FOR RELIEF .................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Argentine Republic v. Nat'l Grid Plc,*
    637 F.3d 365 (D.C. Cir. 2011).................................................................................6

*Blue Ridge Invs., LLC v. Republic of Argentina,*
    735 F.3d 72 (2d Cir. 2013)...................................................................................6

*CC/Devas (Mauritius) Ltd. v. Antrix Corp.,*
    145 S. Ct. 1572 (2025) ........................................................................................7

*Micula v. Gov't of Romania,*
    404 F. Supp. 3d 265 (D.D.C. 2019)......................................................................7

*\*Micula v. Gov't of Romania,*
    101 F.4th 47 (D.C. Cir. 2024)............................................................................8, 9

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela,*
    863 F.3d 96 (2d Cir. 2017)....................................................................................8

*NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain,*
    112 F.4th 1088 (D.C. Cir. 2024)...........................................................................6

*Pezold v. Republic of Zimbabwe,*
    No. 21-cv-2004, 2023 WL 5547912 (D.D.C. Aug. 9, 2023)...................................7

*Republic of Argentina v. AWG Grp. Ltd.,*
    211 F. Supp. 3d 335, 363 (D.D.C. 2016).............................................................6

*Republic of Argentina v. BG Grp. PLC,*
    764 F. Supp. 2d 21 (D.D.C. 2011).......................................................................6

*Samantar v. Yousuf,*
    560 U.S. 305 (2010)..............................................................................................7

*Tethyan Copper Co. Pty Ltd. v. Islamic Republic of Pakistan,*
    590 F. Supp. 3d 262 (D.D.C. 2022) .....................................................................9

*The Argentine Republic v. Nat'l Grid PLC*, No. CV 09-248 (RBW),
    2010 WL 11229950 (D.D.C. June 7, 2010).........................................................6

*\*Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela, Ministerio del
    Poder Popular para Relaciones Exteriores,*
    87 F.4th 510 (D.C. Cir. 2023)...........................................................................8, 9

*Webuild S.p.A. v. Argentine Republic*,
   757 F. Supp. 3d 65 (D.D.C. 2024) .......................................................................10


**Statutes**                                                                        **Page(s)**

*22 U.S.C. § 1650a ..............................................................................1, 7, 8, 9, 10

*28 U.S.C. § 1330 ........................................................................................6, 7

28 U.S.C. § 1391 ...........................................................................................8

28 U.S.C. § 1603 ...........................................................................................2

28 U.S.C. § 1605 .......................................................................................6, 7

28 U.S.C. § 1608 ...........................................................................................7

28 U.S.C. § 1961 .........................................................................................11

**Treaties**                                                                        **Page(s)**

*Convention on the Settlement of Investment Disputes between States and
   Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 ............... *passim*

Hague Convention on the Service Abroad of Judicial and Extrajudicial
   Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361,
   658 U.N.T.S. 163 ........................................................................................7

Petitioner The AES Corporation ("AES" or "Petitioner"), by and through its attorneys, states as follows:

## INTRODUCTION

1.    Petitioner respectfully seeks recognition and enforcement of an arbitration award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 (the "ICSID Convention"). The arbitration award (the "Award") was rendered on May 30, 2025, against Respondent, the Argentine Republic ("Argentina"), following an arbitration (the "Arbitration") under the ICSID Convention and the arbitration rules of the International Centre for the Settlement of Investment Disputes ("ICSID"). In the Award, the arbitral tribunal ("Tribunal") found that Argentina had breached its obligations to Petitioner under the Treaty Between the United States of America and the Argentine Republic Concerning the Reciprocal Encouragement and Protection of Investment of November 14, 1991 ("Argentina-U.S. BIT"), and awarded Petitioner over $732 million in damages and costs, with interest. A certified copy of the Award as published by ICSID is attached as Exhibit A to the accompanying Declaration of Mr. James Hosking in support of Petitioner's Petition to Recognize and Enforce an ICSID Arbitration Award ("Hosking Declaration" or "Hosking Decl."), dated August 4, 2025.[1]

## THE PARTIES

2.    Petitioner is a publicly traded corporation incorporated under the laws of the State of Delaware, United States of America, with its principal place of business located at 4300 Wilson Boulevard, Arlington, Virginia 22203.

---

[1]    The relevant articles of the ICSID Convention are attached as Exhibit C to the Hosking Declaration, and the Argentina-U.S. BIT is attached as Exhibit D.

3.      Respondent the Argentine Republic is a foreign State within the meaning of the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1603(a). Argentina is currently a signatory to the ICSID Convention and was also a signatory to the ICSID Convention on November 5, 2002, the date that Petitioner initiated the Arbitration.

### THE DISPUTE AND THE AWARD

4.      The dispute underlying the Arbitration arose from a series of actions taken by Argentina to interfere with the electricity generation assets owned and operated by AES Argentina Generación S.A. and TermoAndes S.A., companies ultimately owned by Petitioner that have invested in the electricity sector in Argentina since 1993. *See* Hosking Decl., Ex. A (Award), ¶ 77.

5.      In the early 1990s, the electricity sector in Argentina was largely state owned and in serious economic decline, with outdated and deteriorated infrastructure. *See id.* at ¶ 48; Hosking Decl., ¶ 5. In response, Argentina decided to privatize the electricity sector and introduce a new legal regime that sought to encourage foreign investment and promote competition. *See* Hosking Decl., Ex. A (Award), ¶¶ 48, 50, 51-53; Hosking Decl., ¶ 5. The new regime encouraged foreign investment by providing prospective investors with a series of incentives, including in relation to tax treatment, the repatriation of capital, and a minimum standard of treatment. *See* Hosking Decl., Ex. A (Award), ¶ 52; Hosking Decl., ¶ 6. In addition, Argentina introduced, among other things, (i) a competitive market in which electricity prices would be set through supply and demand and (ii) a uniform tariff applicable to all electricity sold in the market. *See* Hosking Decl., Ex. A (Award), ¶¶ 53, 62, 68, 70; Hosking Decl., ¶ 6. Argentina also aggressively targeted foreign investors by advertising its new, privatized regime through international "road shows." *See* Hosking Decl., Ex. A (Award), ¶ 263; Hosking Decl., ¶ 6.  In parallel, Argentina entered into several bilateral investment treaties which promised to protect foreign investors and their investments, and gave investors a direct right of action against Argentina for any failure to comply

with those promises. *See* Hosking Decl., Ex. A (Award), ¶¶ 48-49; Hosking Decl., ¶ 6. The Argentina-U.S. BIT at issue in the Arbitration is one of those treaties.

6.      On the basis of these reforms and the protections provided in the Argentina-U.S. BIT and the ICSID Convention, Petitioner invested hundreds of millions of dollars in Argentina's electricity generation sector. *See* Hosking Decl., Ex. A (Award), ¶¶ 77, 79-80, 82, 84, 86, 89; Hosking Decl., ¶ 7. From 1993 onwards, Petitioner built or expanded several electricity generation plants, eight of which were the subject of the Arbitration. *See* Hosking Decl., Ex. A (Award), ¶¶ 77, 79-80, 82, 84, 86, 89; Hosking Decl., ¶ 7.

7.       In 2001, Argentina experienced an economic crisis, which worsened through early 2002. Hosking Decl., Ex. A (Award), ¶¶ 95-97; Hosking Decl., ¶ 8. Argentina used that situation to adopt a series of measures that undermined the legal and economic frameworks under which Petitioner (and many others) had invested. For instance, Argentina unilaterally changed the remuneration scheme for electricity generation, withheld hundreds of millions of dollars owing to Petitioner's Argentine subsidiaries, and conditioned payment of that debt on those subsidiaries building new electricity generation plants. *See* Hosking Decl., Ex. A (Award), ¶¶ 102-104, 105, 108-116, 117-119, 322, 329, 341-344; *see also* Hosking Decl., ¶ 8.

8.      In the face of that mistreatment and attempted economic coercion, on November 5, 2002, Petitioner filed with ICSID a request for arbitration against Argentina under the ICSID Convention and the Argentina-U.S. BIT. *See* Hosking Decl., Ex. A (Award), ¶¶ 1, 6; *see also* Hosking Decl., Ex. C (ICSID Convention Excerpts); Hosking Decl., Ex. D (Argentina-U.S. BIT); Hosking Decl., ¶ 10.

9.      In the Arbitration, Petitioner argued, *inter alia*, that Argentina had breached Article II.2 of the Argentina-U.S. BIT, which requires Argentina to provide fair and equitable treatment to

U.S. investments (Article II.2.a) and prohibits Argentina from impairing U.S. investments through arbitrary or discriminatory measures (Article II.2.b). *See* Hosking Decl., Ex. A (Award), ¶¶ 235-240, 374-380; Hosking Decl., ¶ 15. Petitioner requested an award of damages, as well as reimbursement of the fees and costs it incurred in the Arbitration. *See* Hosking Decl., Ex. A (Award), ¶¶ 477, 550, 585; Hosking Decl., ¶ 15.

10.     The three-member Tribunal was constituted on June 3, 2003, in accordance with Article 37 of the ICSID Convention. *See* Hosking Decl., Ex. A (Award), ¶ 10; Hosking Decl., ¶ 11; Hosking Decl., Ex. C (ICSID Convention Excerpts), at Art. 37. On April 26, 2005, the Tribunal issued a unanimous Decision on Jurisdiction, rejecting Argentina's jurisdictional objections. Hosking Decl., Ex. A (Award), ¶ 20; Hosking Decl., ¶ 12. A copy of the Decision on Jurisdiction is attached as Exhibit E to the Hosking Declaration.

11.     The parties agreed to suspend the Arbitration between January 23, 2006 and December 11, 2018, while they attempted to settle the dispute. Hosking Decl., Ex. A (Award), ¶ 22; Hosking Decl., ¶ 13. The parties were unable to do so, and the Arbitration proceedings resumed on December 12, 2019 with a reconstituted Tribunal. Hosking Decl., Ex. A (Award), ¶ 28; Hosking Decl., ¶ 14.

12.     On May 30, 2025, the Tribunal issued its 253-page Award, unanimously finding that Argentina had breached Articles II.2.a. and II.2.b. of the Argentina-U.S. BIT by denying Petitioner fair and equitable treatment and subjecting its investment to arbitrary and discriminatory measures. *See* Hosking Decl., Ex. A (Award), ¶ 602; Hosking Decl., ¶ 17.

13.     The Tribunal unanimously awarded Petitioner damages in the amount of $715,900,000, and a Tribunal majority awarded Petitioner reimbursement of its legal fees in the

amount of $15,807,955.30, as well as all costs of the arbitration, in the amount of $1,273,687.61.[2] *See* Hosking Decl., Ex. A (Award), ¶ 602(ix)-(x); Hosking Decl., ¶ 18. The Tribunal also awarded Petitioner pre- and post-award simple interest on the damages and costs awards, running at the 1-year U.S. Treasury bill rate from December 31, 2020 until payment in full. The full current value of the Award (as of August 4, 2025) is $824,397,132.86, including interest. *See* Hosking Decl., ¶ 18. To date, Argentina has not made any payment under the Award. *See* Hosking Decl., ¶ 20.

14.     The Tribunal's Award was the culmination of extensive proceedings in which both Argentina and Petitioner participated fully at every stage. In its multiple rounds of written submissions, Argentina contested the Tribunal's jurisdiction, the admissibility and the merits of the dispute, and the damages claimed by Petitioner. *See* Hosking Decl., Ex. A (Award), ¶¶ 13, 17, 21, 30, 43-44; Hosking Decl., ¶ 16. Petitioner likewise submitted substantial written submissions on jurisdiction, admissibility, the merits, and damages. *See* Hosking Decl., Ex. A (Award), ¶¶ 17, 30, 43-44; Hosking Decl., ¶ 16. There were also multiple hearings. Following an in-person case management conference in Washington D.C. on July 8, 2003, the Tribunal held a hearing on jurisdiction in Paris, France, on October 23 and 24, 2004, after which the Tribunal issued its unanimous Decision on Jurisdiction. *See* Hosking Decl., Ex. A (Award), ¶ 18, 40 and Ex. E (Decision on Jurisdiction); Hosking Decl., ¶ 16. Once proceedings resumed, the Tribunal held a hearing on the merits and damages in Washington, D.C., from February 6 to February 16, 2023, after which the parties submitted post-hearing briefs. *See* Hosking Decl., Ex. A (Award), ¶¶ 40, 43; Hosking Decl., ¶ 16. Argentina was represented by counsel throughout the Arbitration, including

---

[2]     Although all members of the Tribunal agreed that Argentina had breached the Argentina-U.S. BIT and owed Petitioner $715.9 million in damages, the arbitrator appointed by Argentina issued a partial dissent regarding the apportionment of costs and fees. *See* Hosking Decl., Ex. B (Dissenting Opinion of Arbitrator Domingo Bello Janeiro).

by various senior members of its Attorney General's office as well as by the law firm Dechert (Paris) LLP, and then specialist law firm Wordstone Dispute Resolution AARPI (made up of former Dechert (Paris) LLP lawyers, among others). *See* Hosking Decl., Ex. A (Award), p. i.

15.     Argentina's response to its crisis in the early 2000s led many other foreign investors also to bring arbitrations against Argentina under investment treaties. A number of the resulting arbitration awards were then brought to this Court for enforcement, and were enforced. *See, e.g.*, *The Argentine Republic v. Nat'l Grid PLC*, No. CV 09-248 (RBW), 2010 WL 11229950, at *2 (D.D.C. June 7, 2010), *aff'd sub nom. Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365 (D.C. Cir. 2011); *Republic of Argentina v. AWG Grp. Ltd.*, 211 F. Supp. 3d 335, 363 (D.D.C. 2016), *aff'd*, 894 F.3d 327 (D.C. Cir. 2018); *Republic of Argentina v. BG Grp. PLC*, 764 F. Supp. 2d 21, 39 (D.D.C. 2011), *rev'd*, 665 F.3d 1363 (D.C. Cir. 2012), *rev'd*, 572 U.S. 25 (2014), *vacated*, 555 F. App'x 2 (D.C. Cir. 2014), *and aff'd*, 555 F. App'x 2 (D.C. Cir. 2014).

### LEGAL BASIS FOR RELIEF

I.     **This Court Has Jurisdiction to Recognize and Enforce the Award Because Argentina Does Not Benefit from Sovereign Immunity.**

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which provides that the United States District Courts shall have original subject matter jurisdiction over any nonjury civil action against a foreign State unless the foreign State is entitled to immunity under the FSIA or an applicable international agreement.

17.     Argentina is not entitled to immunity in this action for two independent reasons. First, under the FSIA's "implied waiver" provision, Argentina waived immunity for the purpose of this Petition by becoming a party to the ICSID Convention. *See* 28 U.S.C. § 1605(a)(1); *Blue Ridge Invs., LLC v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013) (finding that "Argentina waived its sovereign immunity by becoming a party to the ICSID Convention"); *see also NextEra Energy*

*Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1100 (D.C. Cir. 2024) (noting that the "waiver issue" has been endorsed in this circuit but declining to decide the question given the clear grant of immunity through the "arbitration exception" in 28 U.S.C. § 1650(a)(6), addressed next). Second, under the FSIA's "arbitral award exception," Argentina is not entitled to immunity because this Petition seeks to recognize and enforce an arbitration award made pursuant to the ICSID Convention, which is a treaty in force in the United States calling for the recognition and enforcement of arbitration awards. *See* 28 U.S.C. § 1605(a)(6); *Pezold v. Republic of Zimbabwe*, No. 21-cv-2004, 2023 WL 5547912, at *3 (D.D.C. Aug. 9, 2023), *aff'd*, 2024 WL 4763943 (D.C. Cir. Nov. 13, 2024) ("Courts, including this one, have consistently 'held that the FSIA's arbitration exception confers subject matter jurisdiction over petitions to enforce ICSID awards.'") (quoting *Micula v. Gov't of Romania*, 404 F. Supp. 3d 265, 277 (D.D.C. 2019), *aff'd*, 805 F. App'x 1 (D.C. Cir. 2020)). Argentina is therefore not entitled to sovereign immunity in this action.

18.    This Court also has subject matter jurisdiction over this action pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings" to enforce an ICSID award. *See Micula*, 404 F. Supp. 3d at 269 (noting that 22 U.S.C. § 1650a(b) grants federal courts exclusive subject matter jurisdiction over actions or proceedings to recognize and enforce ICSID awards).

19.    This Court may exercise personal jurisdiction over Argentina pursuant to 28 U.S.C. § 1330(b), which provides that district courts have personal jurisdiction over a foreign State that, like Argentina in this action, is not entitled to immunity, provided that service of process is effected in accordance with 28 U.S.C. § 1608. *See CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 145 S. Ct. 1572, 1580 (2025) ("[P]ersonal jurisdiction over a foreign sovereign is 'automatic' whenever (1) 'an exception to immunity applies' and (2) 'service of process has been accomplished.'")

(quoting *Samantar v. Yousuf*, 560 U.S. 305, 324 n.20 (2010)). Petitioner intends to serve process in a timely manner on Argentina pursuant to 28 U.S.C. § 1608(a), including, if required, through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

20.     Venue is proper in this district under 28 U.S.C. § 1391(f)(4), which provides that a party may bring a civil action against a foreign State in the United States District Court for the District of Columbia.

21.     This Court therefore has subject matter jurisdiction to enforce the Award and personal jurisdiction over Argentina, and is the proper venue for this action.

## II.    The Court Should Not Entertain Any Substantive Challenges to the Award.

22.     This Court should not entertain any substantive challenges to the Award. Article 53(1) of the ICSID Convention prevents parties to an ICSID arbitration from challenging the substance of an award in court:

> The award shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in this Convention. Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.

*See* Hosking Decl., Ex. C (ICSID Convention Excerpts), at Art. 53(1). Section 1650a similarly provides that the Federal Arbitration Act ("FAA") does not apply to the enforcement of ICSID Convention awards. 22 U.S.C. § 1650a; *see Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela, Ministerio del Poder Popular para Relaciones Exteriores*, 87 F.4th 510, 520 (D.C. Cir. 2023) ("Section 1650a . . . expressly forecloses collateral attack on ICSID awards in federal courts by excluding ICSID enforcement actions from the purview of the Federal Arbitration Act"); *see also Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 117–118 (2d Cir.

2017) (noting that a plenary proceeding to recognize and enforce an ICSID award does not allow a respondent to put forth substantive defenses or defenses grounded in the FAA).

23.     Accordingly, Argentina may not collaterally attack the Award in this proceeding. If at all, Argentina must raise any challenges to perceived defects in the Award through the ICSID Convention's exclusive annulment mechanism. *See Micula v. Gov't of Romania*, 101 F.4th 47, 53 (D.C. Cir. 2024) ("Under the ICSID Convention, the 'only route for setting aside an ICSID Arbitral Tribunal's award is through the . . . annulment process.'") (quoting *Valores Mundiales*, 87 F.4th at 515); Hosking Decl., Ex. C (ICSID Convention Excerpts), at Art. 52. To date, Argentina has not moved to annul the Award. *See* Hosking Decl., ¶ 20.

24.     Nor does this Court have cause to engage in any examination of the Award's merits. *Valores Mundiales*, 87 F.4th at 520 ("By removing ICSID awards from the FAA's purview, Congress rejected the possibility that the FAA's grounds for vacatur could be applied to an ICSID award, thus reducing the scope of judicial review of ICSID awards below even the 'extremely limited' review available under the FAA."). Instead, this Court need only "ensure that it has subject-matter and personal jurisdiction; that the award is authentic; and that its enforcement order tracks the award"—all of which is satisfied here. *Tethyan Copper Co. Pty Ltd. v. Islamic Republic of Pakistan*, 590 F. Supp. 3d 262, 268 (D.D.C. 2022) (explaining the "exceptionally limited" role played by courts in confirming ICSID arbitration awards).

## III.    The Award Must Be Given Full Faith and Credit Pursuant to 22 U.S.C. § 1650a.

25.     Article 54(1) of the ICSID Convention requires Contracting States to "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." Hosking Decl., Ex. C (ICSID Convention Excerpts), at Art. 54(1).

26.    To fulfill this obligation, the United States passed implementing legislation that requires United States District Courts to give full faith and credit to ICSID awards. 22 U.S.C. § 1650a(a) provides:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the [ICSID] convention.

Recognition of the award and enforcement of the pecuniary obligations therein is thus required by the text of Section 1650a and this Court's jurisprudence. *See, e.g.*, *Micula*, 101 F.4th at 54 ("Congress enacted Section 1650a . . . to give effect to the United States' treaty obligations under the ICSID Convention, requiring U.S. courts to give 'full faith and credit' to ICSID awards."); *Webuild S.p.A. v. Argentine Republic*, 757 F. Supp. 3d 65, 74 (D.D.C. 2024) (noting that "this Court *must* enforce an ICSID award 'as if' the award were a final judgment of a state court" and must afford it full faith and credit under 22 U.S.C. § 1650a(a)) (emphasis added).

27.    As explained above, the Award grants Petitioner damages, costs, and interest, all of which is pecuniary within the meaning of Article 54 of the ICSID Convention and 22 U.S.C. § 1650a. Accordingly, because this Court has subject matter jurisdiction over the dispute, personal jurisdiction over the parties, and has received an authentic certified copy of the Award, *see* Hosking Decl., Ex. A (Award), this Court should recognize and enforce the Award in its entirety.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court enter an order:

a)  Recognizing and enforcing the Award as a judgment of this Court, pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention;

b) Entering judgment in favor of Petitioner and against Argentina in the amount of the full value of the Award,[3] *i.e.*:

    i. the unpaid damages awarded by the Tribunal in the amount of $715,900,000, plus ongoing interest as provided by the Tribunal, from December 31, 2020 until the date of judgment;

    ii. legal fees awarded by the Tribunal in the amount of $15,807,955.30, plus ongoing interest as provided by the Tribunal, from December 31, 2020 until the date of judgment;

    iii. costs awarded by the Tribunal in the amount of $1,273,176.52, plus ongoing interest as provided by the Tribunal, from December 31, 2020 until the date of judgment; and

    iv. post-judgment interest on the amounts above at the statutory rate set forth in 28 U.S.C. § 1961; and

c) Ordering Argentina to pay the costs of this proceeding; and

d) Granting Petitioner such other and further relief as the Court deems just and proper.

Dated:         August 4, 2025

         New York, New York

Respectfully submitted,
By:

James Hosking (*pro hac vice* forthcoming)     /s/ Elliot Friedman
j.hosking@chaffetzlindsey.com     Elliot Friedman, D.D.C. Bar No. NY0106
Caline Mouawad (*pro hac vice* forthcoming)     elliot.friedman@freshfields.com
c.mouawad@chaffetzlindsey.com     Samuel E. Prevatt (*pro hac vice* forthcoming)
     sam.prevatt@freshfields.com
     Joseph Spadafore (*pro hac vice* forthcoming)

---

[3] Petitioner would be pleased to provide the Court with an updated calculation of interest prior to the entry of judgment.

Andreas A. Frischknecht, D.D.C. Bar No.
   NY0213
a.frischknecht@chaffetzlindsey.com

CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
Telephone: (212) 257-6960
*Attorneys for Petitioner*
*The AES Corporation*

joseph.spadafore@freshfields.com
Victoria Abut (*pro hac vice* forthcoming)
victoria.abut@freshfields.com

FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street
51st Floor
New York, NY 10007
Telephone: (212) 277-4000
*Attorneys for Petitioner*
*The AES Corporation*