**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AES CORPORATION, Petitioner, - against - ARGENTINE REPUBLIC, Respondent. | x : : : x | Civil Action No. 1:25-cv-02540-RBW |

**RESPONDENT THE ARGENTINE REPUBLIC'S**
**ANSWER AND DEFENSES TO THE PETITION**

Respondent the Argentine Republic (the "Republic" or "Argentina"), by its undersigned attorneys, hereby submits its Answer and Defenses to the Petition of Petitioner AES Corporation ("Petitioner") dated August 4, 2025 (the "Petition"), in the above-captioned action (the "Action"). Unless otherwise admitted, the Republic expressly denies all allegations in the Petition. The Republic does not admit that the headings or subheadings are accurate or appropriate for any purpose in this Action and, to the extent that any heading can be read to contain factual allegations, denies each and every one of them. To the extent that any footnote in the Petition requires a response separate from the Republic's response to the paragraph containing the footnote, the Republic denies each and every footnote unless expressly admitted. In further response to the Petition, the Republic states as follows:

1. The Republic denies the allegations in Paragraph 1, except admits that Paragraph 1 purports to describe the nature of the Action and that an arbitral award was rendered against the Republic on May 30, 2025 (the "Award") in *AES Corporation* v. *The Argentine Republic* (ICSID Case No. ARB/02/17) (the "Arbitration"). Insofar as the allegations purport to describe or summarize the information contained in the Convention on the Settlement of Investment Disputes

between States and Nationals of Other States (the "ICSID Convention"), the Treaty Between the United States of America and the Argentine Republic Concerning the Reciprocal Encouragement and Protection of Investment of November 14, 1991 (the "Argentina-U.S. BIT"), or the Award, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

2. The Republic lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies them.

3. The first sentence of Paragraph 3 purports to state conclusions of law to which no response is required. As for the remaining allegations in Paragraph 3, the Republic states that it has been a Contracting State to the ICSID Convention since November 18, 1994.

4. The Republic denies the allegations in Paragraph 4. Insofar as the allegations purport to describe or summarize the information contained in the Award, the Republic denies that the allegations completely and accurately describe the terms of the Award and respectfully refers the Court to the Award for its complete and accurate terms.

5. The Republic denies the allegations in Paragraph 5, except admits that the Argentina-U.S. BIT is among the bilateral investment treaties entered into by Argentina. Insofar as the allegations purport to describe or summarize the information contained in the Award or the Argentina-U.S. BIT, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore denies them. Insofar as the

allegations purport to describe or summarize the information contained in the ICSID Convention, the Argentina-U.S. BIT, or the Award, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

7. The Republic denies the allegations in Paragraph 7, except admits that Argentina experienced a severe crisis that broke out in 2001. Insofar as the allegations purport to describe or summarize the information contained in the Award, the Republic denies that the allegations completely and accurately describe the terms of the Award and respectfully refers the Court to the Award for its complete and accurate terms.

8. The Republic denies the allegations in Paragraph 8, except admits that Petitioner filed with the International Centre for Settlement of Investment Disputes ("ICSID") a request for arbitration against the Republic dated November 5, 2002. Insofar as the allegations purport to describe or summarize the information contained in the Award, the ICSID Convention, or the Argentina-U.S. BIT, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

9. The Republic denies the allegations in Paragraph 9, except admits that Petitioner asserted claims against the Republic under the Argentina-U.S. BIT and sought damages, fees, and costs in the Arbitration. Insofar as the allegations purport to describe or summarize the information contained in the Argentina-U.S. BIT or the Award, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

10. The Republic denies the allegations in Paragraph 10, except admits that a three-member arbitral tribunal ("Tribunal") was constituted on June 3, 2003, and that the Tribunal issued a Decision on Jurisdiction on April 26, 2005. Insofar as the allegations purport to describe or summarize the information contained in the ICSID Convention, the Decision on Jurisdiction, or the Award, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

11. The Republic denies the allegations in Paragraph 11, except admits that the parties agreed to suspend the Arbitration in December 2005, and that on January 11, 2019, Petitioner requested to restart the Arbitration, which resumed with a reconstituted Tribunal on December 12, 2019. Insofar as the allegations purport to describe or summarize the information contained in the Award, the Republic denies that the allegations completely and accurately describe the terms of the Award and respectfully refers the Court to the Award for its complete and accurate terms.

12. The Republic denies the allegations in Paragraph 12, except admits that the Tribunal issued the Award on May 30, 2025 (which is subject to ongoing annulment proceedings before an ICSID *ad hoc* committee). Insofar as the allegations purport to describe or summarize the information contained in the Award or the Argentina-U.S. BIT, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

13. The Republic denies the allegations in Paragraph 13, except admits that the Award (which is subject to ongoing annulment proceedings before an ICSID *ad hoc* committee) grants Petitioner damages, fees, and costs in the Arbitration (plus simple interest thereon), with one Tribunal member dissenting on the apportionment of fees and costs, and that the Republic has not

made payment under the Award. The Republic specifically denies the calculations and amounts alleged in Paragraph 13. Insofar as the allegations purport to describe or summarize the information contained in the Award or the Dissenting Opinion of Professor Domingo Bello Janeiro (the "Dissenting Opinion"), the Republic denies that the allegations completely and accurately describe the terms of the Award or the Dissenting Opinion and respectfully refers the Court to the Award and the Dissenting Opinion for their complete and accurate terms.

14. The Republic denies the allegations in Paragraph 14, except admits that it participated in the Arbitration, including by making written submissions to the Tribunal and attending hearings, and was represented by counsel. Insofar as the allegations purport to describe or summarize the information contained in the Award or the parties' submissions in the Arbitration, the Republic denies that the allegations completely and accurately describe the terms of those documents and respectfully refers the Court to those documents for their complete and accurate terms.

15. The Republic denies the allegations in Paragraph 15, except admits that Argentina experienced a severe crisis in the 2000s and that foreign investors brought arbitrations against Argentina under investment treaties, and some sought to enforce the resulting arbitral awards against Argentina in federal courts in the District of Columbia. Insofar as the allegations purport to describe or summarize the information contained in the cited judicial decisions, the Republic denies that the allegations completely and accurately characterize the judicial decisions and respectfully refers the Court to those authorities for their complete and accurate contents.

16. The allegations in Paragraph 16 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations

completely and accurately characterize the cited statute and respectfully refers the Court to 28 U.S.C. § 1330(a) for its complete and accurate contents.

17. The allegations in Paragraph 17 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited statute and judicial decisions and respectfully refers the Court to those authorities for their complete and accurate contents.

18. The allegations in Paragraph 18 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited statute and judicial decision and respectfully refers the Court to those authorities for their complete and accurate contents.

19. The allegations in Paragraph 19 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited statutes and judicial decisions and respectfully refers the Court to those authorities for their complete and accurate contents. Insofar as the last sentence of Paragraph 19 purports to allege that Petitioner, at the time of filing the Petition, intended to serve process in a timely manner on the Republic pursuant to 28 U.S.C. § 1608(a), the Republic lacks knowledge or information sufficient to form a belief as to the truth or falsity of that allegation and therefore denies the allegation.

20. The allegations in Paragraph 20 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited statute and respectfully refers the Court to 28 U.S.C. § 1391(f)(4) for its complete and accurate contents.

21. The allegations in Paragraph 21 purport to state conclusions of law to which no response is required.

22. The allegations in Paragraph 22 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited statute, judicial decisions, and provision of the ICSID Convention, and respectfully refers the Court to those authorities for their complete and accurate contents.

23. The Republic denies that it has not moved to annul the Award and states that it filed an Application for Annulment of the Award pursuant to Article 52 of the ICSID Convention on September 26, 2025, that the Secretary-General of ICSID registered the Application for Annulment on October 17, 2025, and that the ICSID annulment proceedings are ongoing. The remaining allegations in Paragraph 23 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited judicial decisions and provision of the ICSID Convention, and respectfully refers the Court to those authorities for their complete and accurate contents.

24. The allegations in Paragraph 24 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited judicial decisions and respectfully refers the Court to those authorities for their complete and accurate contents.

25. The allegations in Paragraph 25 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited provision of the ICSID Convention and

respectfully refers the Court to Article 54(1) of the ICSID Convention for its complete and accurate contents.

26. The allegations in Paragraph 26 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies that the allegations completely and accurately characterize the cited statute and judicial decisions and respectfully refers the Court to those authorities for their complete and accurate contents.

27. The allegations in Paragraph 27 purport to state conclusions of law to which no response is required. To the extent a response is required, the Republic denies the allegations in Paragraph 27, except admits that the Award (which is subject to ongoing annulment proceedings before an ICSID *ad hoc* committee) grants Petitioner damages, costs, and interest. Insofar as the allegations purport to describe or summarize the information contained in the Award, the Republic denies that the allegations completely and accurately describe the terms of the Award and respectfully refers the Court to the Award for its complete and accurate terms. The Republic also denies that the allegations in Paragraph 27 completely and accurately characterize the cited statute and provision of the ICSID Convention and respectfully refers the Court to those authorities for their complete and accurate contents.

## RESPONSE TO PRAYER FOR RELIEF

The Republic denies that Petitioner is entitled to any relief in this Action.

## DEFENSES

The Republic states the following defenses without, as to any defense, agreeing that it is an affirmative defense or assuming the burden of proof or persuasion as to any element of Petitioner's claims. The Republic repeats its answers to Paragraphs 1 through 27 and the Prayer for Relief of the Petition as if fully set forth herein.

**FIRST DEFENSE**

This Action should be stayed until the Republic's Application for Annulment in the ICSID annulment proceedings, which was filed on September 26, 2025 and registered by the Secretary-General of ICSID on October 17, 2025, is resolved.

**SECOND DEFENSE**

The Award should be annulled in the ICSID annulment proceedings on three independent grounds under Articles 52(1)(b), (d), and (e) of the ICSID Convention because (1) "the Tribunal has manifestly exceeded its powers"; (2) "there has been a serious departure from a fundamental rule of procedure"; and (3) "the [A]ward has failed to state the reasons on which it is based"; therefore, Petitioner is entitled to no relief in this Action.

**THIRD DEFENSE**

The Petition should be dismissed under the principle of international comity.

**RESERVATION OF RIGHTS**

The Republic expressly (1) reserves the right to amend or supplement its Answer, defenses, and all other pleadings, and (2) reserves the right to assert any additional allegations, claims, or defenses that may become available, based upon evidence developed in discovery or otherwise.

WHEREFORE, the Republic respectfully requests that the Court (1) stay this Action pending resolution of the Republic's Application for Annulment in the ICSID annulment proceedings; (2) upon annulment of the Award in the ICSID proceedings, dismiss the Petition in its entirety and with prejudice; (3) award the Republic the costs, disbursements, and attorneys' fees incurred by the Republic in defending this Action, to the extent authorized by law; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: October 13, 2026
Washington, D.C.

Respectfully submitted,

*/s/ Amanda F. Davidoff*

Amanda F. Davidoff (D.C. Bar No. 978033)
Stephanie M. Kelly (D.C. Bar No. 1671765)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006-5215
Telephone: (202) 956-7500
Facsimile: (202) 956-7676
davidoffa@sullcrom.com
kellys@sullcrom.com

Sergio J. Galvis (NY Reg. No. 1934264)
(*pro hac vice*)
Qingyang Song (NY Reg. No. 5925474)
(*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
galviss@sullcrom.com
songq@sullcrom.com

*Counsel for the Argentine Republic*

## CERTIFICATE OF SERVICE

Pursuant to Local Civil Rule 5.4(d), I hereby certify that, on October 13, 2026, I caused the foregoing Answer and Defenses to the Petition to be electronically filed via the Court's CM/ECF system, which effected service of the document upon all counsel of record.

/s/ *Amanda F. Davidoff*
Amanda F. Davidoff

*Counsel for the Argentine Republic*